### Joseph Quick and others v. Rachel Quick and others.

The testator devised as follows : I devise to my son Abraham Quick the remainder of my land in Amwell, &c. "to him the said Abraham during his life time, and if he should die before his wife, she is to have the use and benefit of the said devised land for her support as long as she remains his widow and no longer ; and at her decease I devise the same to his heirs, to be divided between them as the law directs when any die intestate. I have devised the last mentioned tract to my son Abraham subject to the following incumbrances, to wit: That he the said Abraham is to pay to my daughter Mary one hundred and fifty pounds, in the following manner, &c.; and he the said Abraham is to pay to my daughter Rosanna, in case she gets married, thirty-seven pounds ten shillings, to get her an outset."—By this devise, the *whole estate* in the devised premises, to wit, the estate for life and the remainders, is charged with the legacies: and the devisee for life having died without paying them, and his estate being exhausted, the amount due on the legacies must be raised out of the land, by sale.

The devisee for life's dying insolvent, before payment of the legacies, the legatees omitting to claim the same of his administrator within the time limited by rule of the orphan's court and a decree of the court barring creditors who had not presented their demands pursuant to the statute ; do not affect the claim of the legatees to have the legacies raised out of the lands charged.

Jacob Quick, in and by his last will and testament, dated 8th August, 1808, after devising one part of his farm to his son

Ezekiel, devised the other part as follows: "I devise to my son Abraham Quick all the remainder of my lands, situate in the township of Amwell, (describing it by metes and bounds,) containing one hundred and twenty acres, more or less; to him the said Abraham Quick during his life time; and if he should die before his wife, she is to have the use and benefit of the said devised land for her support as long as she remains his widow, and no longer; and at her the said widow's decease, I devise the same to his heirs, to be equally divided between them as the law directs when any die intestate. I have devised the last mentioned tract of land to my son Abraham Quick, subject to the following incumbrances, to wit: That he the said Abraham Quick is to pay to my daughter Mary Ewing one hundred and fifty pounds, in the manner following, to wit; one hundred pounds of it four years next after my decease, and the remaining sum of fifty pounds to be paid the next year after. And he the said Abraham is to pay my daughter Rosanna Quick, in case she gets married, the sum of thirty-seven pounds ten shillings, to get her an outset:" and after giving some pecuniary legacies, appointed his two sons, Ezekiel and Abraham, executors. The testator died in 1816. Upon his death Abraham Quick, the devisee, took possession of the devised premises, and occupied them till 1822, when he died intestate, leaving the two legacies, to Mary Ewing and Rosanna Quick, (who had intermarried with Joseph Quick,) unpaid; and leaving his widow, Rachel Quick, and several children, the defendants in this case, living. Administration of his estate was granted to David Manners; who, finding the estate likely to prove insolvent, applied to the orphan's court, and under their direction proceeded to make a settlement and distribution thereof, according to the provisions of the act directing the distribution of the estates of persons who die insolvent. The claims of the legatees were not presented to the administrator, or any part of the legacies paid out of the estate. After the estate was distributed, the complainants filed their bill against the widow, heirs and administrator, to have their legacies raised and paid out of the lands devised. The bill was taken, *pro confesso*, against the widow. The children, being minors, put in the general answer by their guardian. David Manners, the adminis-

Jan. 1830.

Quick et al.
v.
Quick et al.

trator of Abraham Quick, deceased, in his answer, admits the devise, &c., but alleges that Abraham Quick died insolvent; and sets forth that, having disposed of the personal estate of the said decedent, and the same appearing to be insufficient to pay his debts, he, the said administrator, applied to the orphan's court of the county of Hunterdon, in May term, 1823, for a rule to show cause why the real estate of the said Abraham Quick should not be sold for the payment of his debts. That in October term, 1823, the court made an order for the sale of the real estate. That by virtue of the said order, he, the said administrator, sold all the real estate of said deceased; and his real and personal estate appearing to be insufficient to pay his debts, the said court, in May, 1823, made an order, directing him the said administrator to give notice to the creditors of the said intestate's estate, to exhibit their claims and demands against the estate of the said Abraham Quick, deceased, to the said administrator, under oath or affirmation, within six months from the date of the order, by setting up copies of said order, and advertising the same, pursuant to the statute; which notice was accordingly given. That in the term of February, 1824, the said rule was made absolute, and it was decreed by the said court, that all creditors having claims or demands against the said estate, and who had neglected to present them to the said administrator within the time so limited, should be barred from prosecuting for or recovering the same from the administrator, or coming in for a dividend of said estate. The said defendant, in his answer, farther alleges that the complainants, or either of them, or any person on their behalf, did not present to the said administrator, under oath or affirmation, their claims or demands against the estate of the said Abraham Quick, deceased, for the said legacies bequeathed them by the will of the said Jacob Quick, deceased, in the bill of complaint mentioned, within the time so limited by the said rule of the orphan's court; and the defendant insists, that by the laws of this state the complainants are for ever barred from recovering the said demands against him as administrator, or from coming in for a dividend of the said decedent's estate. The answer farther states, that the said defendant, as administrator of the said deceased, made sale of all his real and personal estate, and made report to the orphan's court of

the proceeds of the sale thereof, and of the amount of debts and claims against the said decedent's estate presented to the administrator, under oath or affirmation, within the time limited by said rule; whereby it appeared that the said estate was insufficient to pay the said debts, and thereupon a dividend of eighty cents to the dollar was decreed by the court to be paid to each creditor entitled to distribution; and that all the monies that have come to the hands of the defendant as administrator of the said deceased (except the amount allowed for commissions and expenses) had been paid out to the creditors whose claims had been regularly presented according to law.

A replication was filed, proofs exhibited, and the case submitted to the court upon the points stated.

*N. Saxton,* for the complainants;

———————— contra.

THE CHANCELLOR. The land devised is charged with the legacies. It was not a charge upon the *person* of the devisee merely, or upon *his estate* or interest in the land, but upon the whole estate in the land devised. If Abraham Quick had died before his father, the charge would have remained on the land, in favour of the legatees. His dying afterwards, and before payment, will not defeat the legacies. Where lands were devised to A. and his wife for their lives, remainder to such of the children as should be living at the death of the survivor of them, and to their heirs, A. paying forty pounds to the plaintiff at a certain time; it was decreed that the land be sold for the payment of the money, and then the defendants to have such a proportion of the overplus of the purchase money as was answerable to their interest for life: for the money devised is a charge upon *all the estate,* i. e. the estate for life and the remainders: *Sad* v. *Carter, Prec. in Ch.* 27 ; 2 *Eq. Ca. Ab.* 370. In this case, the personal estate of Abraham Quick, the devisee for life, is exhausted; and the amount due to the complainants, on these legacies, must be raised out of the land, by

Jan. 1830.

Quick et al.
v.
Quick et al.

sale. Their claim upon the land, for the satisfaction of their legacies, is not affected by Abraham Quick's insolvency, or the proceedings in the orphan's court barring his creditors who had not presented their claims within the time limited.

Let it be referred to a master to take an account of the amount due to the complainants, and ascertain what part of the lands so charged may be sold with the least prejudice to the remainder.